Rigsby et al v. Renfroe et al	Doc. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

```
SOUTHERN DISTRICT OF MISSISSIPPI
        FILED
     JAN 2 6 2007
    J. T. NOBLIN, CLERK
BY_____DEPUTY
```

**CORI RIGSBY AND KERRI RIGSBY,**  Plaintiffs,

vs. CIVIL ACTION NO. 1:07cv75 LTS-RHW

**GENE RENFROE and
JANA RENFROE,**

Defendants.

## COMPLAINT

Plaintiffs Cori Rigsby and Kerri Rigsby, through their undersigned attorneys of record, file this Complaint against Defendants Gene Renfroe and Jana Renfroe ("Defendants") and state and allege as follows:

### INTRODUCTION

1. In August 2005, Hurricane Katrina struck the State of Mississippi, leaving a path of misery and devastation in its wake. Homes and businesses were destroyed. Families were ripped apart. Few events, other than 9/11, left as dark a mark on the fabric of this Country.

2. In the aftermath of the storm, residents of this State struggled to pick up the pieces of their broken lives. Calling on help from family and friends in other areas, they began pulling things together as best they could.

3. Much of the damage from the storm was covered -- or was supposed to be covered -- by policies of insurance issued by State Farm Insurance Company and other insurance companies. And indeed, when the storm broke, the State Farm Insurance Company wasted little time sending

Dockets.Justia.com

adjustors leased to it by E. A. Renfroe, including Plaintiffs, to survey the damage and help process and adjust claims.

4. What the State Farm policyholders with Katrina damage did not know, however, is that State Farm, Renfroe, Gene and Jana Renfroe (collectively referred to as "Renfroes"), acting in concert and as aiders and abettors, had formulated and effectuated an elaborate scheme to avoid paying Katrina damage claims and/or to artificially reduce the amount paid.

5. State Farm's wrongful denial of claims and the Renfroes active and substantial participation in it, might have gone undiscovered if the Plaintiffs in this action, former insurance adjustors for E.A. Renfroe, had not come forward to blow the whistle on this criminal, tortuous and fraudulent adjusting conduct.

6. Defendants' reaction to Plaintiffs' whistleblowing of State Farm and E.A. Renfroes adjusting conduct was swift and certain. The Renfroes maliciously and in bad faith conspired to and did in fact terminate them, and sought to undermine the investigation of the Mississippi Attorney General's office by maliciously and improperly initiating a retaliatory lawsuit against them in order to enjoin plaintiff's from cooperating with the criminal investigation.

7. In the present action, Plaintiffs charge Defendants with abuse of process, retaliatory discharge in violation of Mississippi law, and Intentional and Negligent Infliction of Emotional Distress. They seek compensation in the form of lost wages and employment opportunities, as well as punitive damages.

## THE PARTIES

8. Defendant Gene Renfroe is an officer or director of E. A. Renfroe & Company, an independent adjusting firm used by State Farm to adjust hurricane damage claims on the Mississippi Gulf Coast. Gene Renfroe, both individually and thorough his capacity as the principal officer and director of E.A. Renfroe, actively participated in, substantially assisted, directed, conspired in, profited from, and had intimate knowledge of the criminal, fraudulent, malicious, and tortuous conduct alleged herein.

9. Defendant Jana Renfroe is an officer or director of E. A. Renfroe & Company, an independent adjusting firm used by State Farm to adjust hurricane damage claims on the Mississippi Gulf Coast. Jana Renfroe, both individually and as the principal officer and director of E.A. Renfroe, actively participated in, substantially assisted, directed, conspired in, profited from, and had intimate knowledge of the criminal, fraudulent, malicious, and tortuous conduct alleged herein.

10. Plaintiff Cori Rigsby is an individual residing at 10021 Mockingbird Circle, Ocean Springs, Mississippi 39564. From 1998 until 2006, when she was constructively terminated, Cori Rigsby was employed as an insurance adjustor with E.A. Renfroe & Company, Inc. ("Renfroe"). She was an employee at will of E. A. Renfroe & Company.

11. Plaintiff Kerri Rigsby is an individual residing at 10021 Mockingbird Circle, Ocean Springs, Mississippi 39564. From 1999 until 2006, when she was constructively terminated, Kerri Rigsby was employed as an insurance adjustor with Renfroe. She was an employee at will of E. A. Renfroe & Company.

## JURISDICTION AND VENUE

12. This Court has subject matter diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiffs are citizens of the State of Mississippi who reside in the Southern District of Mississippi. Defendants Gene and Jana Renfroe are upon information and belief adult resident citizens of Alabama. The amount in controversy exceeds $75,000 exclusive of interest and costs.

13. The Court has personal jurisdiction over the Defendants because a substantial part of the acts, events, omissions, and injuries giving rise to the claims asserted herein occurred in the Southern District of Mississippi, including and especially the service of an abusive, malicious, and retaliatory legal Complaint against the Plaintiffs in the Southern District of Mississippi. In addition, the Renfroe Defendants and their business E.A. Renfroe at all times material herein operated conducted business in Mississippi. All Defendants can be found in the Southern District of Mississippi.

14. Venue is proper in the Southern District of Mississippi because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## FACTUAL BACKGROUND

15. Gene and Jana Renfroe own, direct, and control E. A. Renfroe. E.A. Renfroe is in the business of providing claims adjustment services to insurance companies in disaster situations. State Farm is its largest client.

16. State Farm's use of E.A. Renfroe has been the subject of much civil litigation, criticism, and investigation in Mississippi and Oklahoma. In fact, in May 2006, an Oklahoma jury found State Farm liable for punitive damages for "recklessly disregarding" its duty to act in good faith with its insureds through its use of E.A. Renfroe.

17. Plaintiffs were employed by E. A. Renfroe for almost a decade as insurance adjusters. In that capacity, they worked with insurance companies such as Travelers, Nationwide and Defendant as part of their disaster teams.

18. In the aftermath of Katrina, Plaintiffs were tasked by Renfroe with assisting State Farm Insurance Company in processing storm damage claims.

19. For most storm victims, three types of insurance policies potentially covered their losses: hurricane insurance; homeowner's insurance and flood insurance. State Farm issued all three types of policies.

20. With respect to hurricane and homeowner's insurance, State Farm is itself responsible for paying covered claims.

21. With respect to flood insurance, covered claims are paid by the National Flood Insurance Program ("NFIP"), a federal insurance program managed by the Federal Emergency Management Agency ("FEMA").

22. State Farm adopted the position that flood insurance is a superseding coverage in that if there is damage from wind and from flood, the flood policy is paid and homeowner's insurance is never tapped for damages. Flood coverage is capped at $250,000 for structures and $100,000 for contents. Thus, if a claim is designated as a flood claim, the most that the policyholder can recover is $350,000, even if he or she has homeowner's coverage greatly exceeding that amount.

23. State Farm, through Plaintiffs and other adjusters, adjusted hurricane, homeowner's and flood insurance claims stemming from Hurricane Katrina. This created an inherent conflict of interest. To the extent adjusters determined that policyholders' property had been damaged by flooding rather than by wind, Defendant could avoid paying policyholders' claims, and could instead cause those claims to be paid by NFIP.

24. This gave State Farm an incentive to manipulate the claims adjustment process and falsely designate wind damage claims as flood claims even where clear wind damage was present. At all times the Renfroe Defendants and their agents and employees were fully aware of the scope of the fraud being perpetrated by State Farm Insurance, but in spite of a legal duty to act to report this conduct, instead actively participated in it.

25. In order to further the goal of paying only flood claims, State Farm, acting through E. A. Renfroe adjustors and employees, commissioned engineering reports. These engineering reports frequently concluded that wind, not water, was the cause of the damage. Although it knew that its actions were fraudulent, unlawful, and in violation of criminal mail fraud and other federal statutes, State Farm directed engineers to falsify reports to show water damage. Plaintiffs witnessed this ongoing pattern of behavior from September, 2005, to February, 2006.

26. By falsely designating wind damage claims as flood claims, State Farm cheated policyholders (because policyholders were limited to whatever flood coverage they had purchased and denied coverage under their homeowner's policies), and violated Mississippi state criminal law.

27. Plaintiffs became aware of specific incidents where State Farm did in fact manipulate the claims adjustment process to cause wind damage claims to be falsely designated as flood claims.

28. At all times material herein, the Renfroe Defendants had knowledge of State Farm's fraudulent conduct, wrongful denial of claims, and breach of duties.

29. Plaintiffs were alarmed and horrified by what they learned, and decided to go to federal and state authorities with this information to protect the citizens of Mississippi who had already endured the tragedy of Hurricane Katrina.

30. Plaintiffs secured evidence in a collection of approximately 15,000 documents and passed these documents to the Federal Bureau of Investigation, Mississippi State Attorney General, and other federal and state investigators and agencies.

31. Plaintiffs then disclosed to State Farm in June 2006 that they had taken what they believed was evidence of criminal wrongdoing to the authorities, and were immediately stripped of access to the worksite and were told they were not allowed into the building.

32. State Farm, acting in concert with Defendants Gene and Jana Renfroe, then maliciously and in bad faith caused and/or induced E.A. Renfroe to terminate Plaintiffs' employment with E. A. Renfroe. E.A. Renfroe happily and energetically enforced the wishes of its directors and largest customer and fired the Plaintiffs in violation of Mississippi law.

33. The Renfroe Defendants and E.A. Renfroe, in terminating Plaintiffs, attempted to suggest that the Plaintiffs had abandoned their employment by letter to the Plaintiffs. In fact, Plaintiffs had already been barred from the worksite by State Farm, and E.A. Renfroe had no intention of taking them back.

34. The Renfroe Defendants and their lawyers Barbara Stanley and Steven Greene then designed, instigated, and caused improper, malicious, illegal, retaliatory, and frivolous litigation to be issued against the Plaintiffs by serving them and/or causing to be served them with a Complaint in the Southern District of Mississippi for a lawsuit filed against them by the Renfroe Defendants, Stanley, and Greene in Birmingham, Alabama, where the Renfroes and their Company E.A. Renfroe are located. Defendants wrongfully filed this retaliatory lawsuit in Alabama despite the fact that Plaintiffs were residents of Mississippi, all the Katrina adjusting work they performed for State Farm and E.A. Renfroe occurred in Mississippi, and all of the material acts alleged herein occurred in Mississippi.

35. Defendants only purpose for causing the malicious retaliatory lawsuit against Plaintiffs to be filed in Alabama was to unlawfully expose Plaintiffs to further undue hardship, burden, and expense. Defendants also filed the malicious retaliatory lawsuit in Alabama for the unlawful purpose of to avoid and undermine the jurisdiction of this Court, which has jurisdiction over all of the litigation involving State Farm, E.A. Renfroe, and Katrina, including a separate lawsuit filed by Plaintiffs.

36. The Defendants, Stanley, and Greene contrived and caused this malicious retaliatory lawsuit to be filed against the Plaintiffs for the improper and illegal purpose of retaliating, punishing, and intimidating them for disclosing the fraudulent, criminal, and tortuous activities alleged above and for cooperating with federal and state authorities in their investigations of Katrina claim handling activities.

37. The Defendants, Stanley, and Greene filed the retaliatory lawsuit for the improper and unlawful purpose of discouraging and preventing Plaintiffs from further cooperating with federal and state law enforcement officials.

38. Defendants filed this lawsuit for the unlawful and improper purpose of wrongfully recovering documents Plaintiffs provided to law enforcement officials that exposed State Farm and Renfroes' fraud. This was done for the unlawful and improper purpose of circumventing, undermining, and prejudicing the criminal investigation and criminal grand jury proceedings instituted by the Mississippi State Attorney General.

39. Defendants initiated these retaliatory proceedings for the improper and unlawful purpose of circumventing, undermining, and avoiding federal and state lawsuits filed in the Southern District and other civil and criminal proceedings and investigations against it and State Farm.

40. Plaintiffs resisted the frivolous action filed by Renfroe, and cooperated fully with Mississippi state law enforcement officials, and through their attorneys provided documents requested by the Mississippi State Attorney General.

41. Defendant's actions cost Plaintiffs the only career they had known for almost a decade. It also cost them financially in the form of lost wages and benefits.

42. To this day, Defendants continue to improperly and unlawfully use the legal process against the Plaintiffs to accomplish the improper and unlawful motives set forth above.

## COUNT I – ABUSE OF PROCESS

43. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

44. Defendants Gene and Jana Renfroe, both individually and through their agents and lawyers, are liable for malicious and illegal abuse of the legal process by causing and or conspiring to cause legal proceedings to be initiated against Plaintiffs for the following malicious and unlawful purposes:

45. Defendants' malicious and improper purpose for causing the malicious retaliatory lawsuit against Plaintiffs to be filed in Alabama was to expose Plaintiffs to further undue hardship, burden, and expense. Defendants also filed the malicious retaliatory lawsuit in Alabama in order to avoid the jurisdiction of this Court, which has jurisdiction over all of the litigation involving Katrina, including a separate lawsuit filed by Plaintiffs.

46. Defendants contrived and caused this malicious retaliatory lawsuit to be filed against the Plaintiffs for the improper and illegal purpose of retaliating, punishing, and intimidating them for disclosing the fraudulent, criminal, and tortuous activities alleged above and for cooperating with federal and state authorities in their investigations of Katrina claim handling activities.

47. Defendants filed the retaliatory lawsuit for the improper and unlawful purpose of discouraging and preventing Plaintiffs from further cooperating with federal and state law enforcement officials.

48. Defendants initiated these retaliatory proceedings for the improper and unlawful purpose of circumventing, undermining, and avoiding federal and state lawsuits filed in the Southern District and other civil and criminal proceedings and investigations against it and State Farm.

49. Defendants further conspired with its agents and State Farm for such abuse of process.

50. Defendants' malicious and unlawful abuse of process proximately caused Plaintiffs economic and emotional damage.

51. Defendants' malicious and unlawful abuse of process was also malicious, willful, wanton, and done with malice and reckless disregard for the rights of the Plaintiffs, arising to the level of an independent tort and entitling Plaintiffs to an award of punitive damages.

## COUNT II – DISCHARGE IN VIOLATION OF PUBLIC POLICY

52. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

53. The Renfroe Defendants intentionally and willfully discharged Plaintiffs in retaliation for:

    A. Cooperating with the Mississippi Attorney General in his criminal investigation of State Farm and E.A. Renfroe and grand jury proceedings.

    B. Providing proper factual information to federal and state law enforcement officials investigating fraudulent Katrina adjustment practices.

    C. Refusing to continue to participate in unlawful and patently illegal activities in defrauding State Farm policyholders.

54. The Renfroe Defendant's actions were calculated to cause damage to Plaintiffs in their lawful business and occupation.

55. Renfroe Defendants' actions were undertaken with the unlawful purpose of causing damage and loss to Plaintiffs to retaliate against Plaintiffs for blowing the whistle on Defendant's unethical, immoral and devious scheme to avoid paying claims related to Hurricane Katrina.

56. Renfroe Defendants' actions were undertaken without right or justifiable cause.

57. Renfroe Defendants' actions caused loss to Plaintiffs in that Plaintiffs were unable to find employment and, on information and belief and as further set forth in this complaint, have been "blackballed" in the community of disaster adjustors.

58. The Renfroe Defendants' actions proximately caused Plaintiffs' termination. But for the Renfroe Defendants' actions, Plaintiffs would remain employed.

59. The Renfroe Defendants' conduct was also malicious, willful, wanton, and done with malice and reckless disregard for the rights of the Plaintiffs, arising to the level of an independent tort, entitling Plaintiffs to an award of punitive damages.

## COUNT III – NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

61. The actions and/or admissions of Defendants as described above constitute negligent and/or intentional emotional distress upon Plaintiffs.

62. Defendants further conspired to cause such emotional distress.

63. Plaintiffs have suffered emotional and financial hardship as a proximate result of Defendants' unjustified, intentional, improper, illegal, malicious, and bad faith conduct and abuse of legal process against Plaintiffs.

## COUNT IV – DAMAGES

64. Plaintiffs herby incorporate by reference the foregoing allegations, as if fully set forth herein.

65. As a direct and proximate cause of Defendants' abuse of process, retaliation, infliction of emotional distress and other tortuous and malicious conduct, Plaintiffs have suffered economic damages. Plaintiffs have also suffered other damages, including but not limited to, mental and emotional distress and attorneys' fees which may be shown at a trial of this matter. Further, a direct and proximate result of Defendants' willful, intentional, malicious, and bad faith conduct, which arose to the level of an independent tort, Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that upon a trial of this action, judgment will be entered against Defendants, Gene Renfroe and Jana Renfroe, jointly and severally, for any and all actual, monetary, economic, compensatory, and consequential damages, including attorneys' fees which may be shown at a trial of this matter, along with an award of punitive damages for Defendants' willful, intentional, malicious, and bad faith conduct.

Respectfully submitted, this the 26th day of January, 2006.

**CORI RIGSBY AND KERRI RIGSBY, Plaintiffs**

By: /s/ Richard F. Scruggs
Richard F. Scruggs, MSB # 6582

Of Counsel:

Richard F. Scruggs
Sidney A. Backstrom
David Zachary Scruggs
David W. Shelton
THE SCRUGGS LAW FIRM, P.A.
P.O. Box 1136
120-A Courthouse Square
Oxford, MS 38655
Phone: (662) 281-1212

Don Barrett
Marshall Smith
BARRETT LAW OFFICE
404 Court Square North
P.O. Box 987
Lexington, MS 39095
(662) 834-2376

Edward D. "Chip" Robertson Jr.
Mary Winter
Antony Dewitt
BARTIMUS, FRICKLETON, ROBERTSON & OBETZ, PC
200 Madison, Suite 1000
Jefferson City, Missouri 65101
Phone: (573) 659-4454

***ATTORNEYS FOR Plaintiffs***